THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| TIMOTHY TISDALE<br>6460 Sherwood Road<br>Philadelphia, PA 19151<br>　　　　Plaintiff<br>　v.<br><br>CITY OF PHILADELPHIA<br>1515 Arch Street, 17th Floor<br>Philadelphia, PA 19102<br>　　　　Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No. _____ |

## **COMPLAINT**

Plaintiff, Timothy Tisdale, by and through his attorneys, the Derek Smith Law Group, PLLC, hereby brings this civil action pursuant to the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et. seq.,* the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 *et. seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951, *et. seq.*, and seek relief for discrimination and disparate treatment related to Plaintiff's employment with Defendant, City of Philadelphia, and the continual denials of Plaintiff for promotion to the benefit of lesser qualified individuals outside Plaintiff's protected classes. Plaintiff alleges and avers in support thereof:

### **Parties**

1. Plaintiff, Timothy Tisdale, is an adult African American male individual approximately sixty-two (62) years of age who currently resides at the above captioned address and is an Electronics Technician Group Leader and an employee of Defendant, City of Philadelphia, working at the Philadelphia International Airport.

2. Defendant, City of Philadelphia ("Defendant"), is an entity and/or government organization duly existing under the laws of the Commonwealth of Pennsylvania with a registered office at the above captioned address and as a result of the Covid-19 emergency, is receiving initial service of process electronically to the City of Philadelphia Law Department at City_Closure_Complaints@phila.gov. Moreover, Defendant owns the Philadelphia International Airport and at all times relevant, was Plaintiff's employer.

3. Defendant accepted, agreed, adopted, acquiesced, and/or otherwise was bound by the actions, omissions, and conduct of its owners, managers, supervisors, employees, and agents.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this matter as it involves a Federal Question, 28 U.S.C. §1331, and the Court maintains supplemental jurisdiction, 28 U.S.C. §1367, over the Pennsylvania State Law causes of action.

5. Venue is appropriate before this Court as all parties reside in the Eastern District of Pennsylvania and all actions and omissions giving rise to this litigation occurred in the Eastern District of Pennsylvania (i.e. Bucks, Montgomery, Delaware, Philadelphia, and Chester County).

6. Furthermore, Plaintiff has exhausted his administrative remedies, having filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission, and having received a Notice of Right to Sue.

## Summary of Facts

7. Plaintiff began employment with Defendant in May of 2006 and currently works as an Electronics Technician Group Leader working at Terminal D, Level 3, of the Philadelphia International Airport.

8. Plaintiff alleges discrimination and disparate treatment for having been deprived notice, opportunity to apply, and/or promotion to a position for which Plaintiff maintains he is/was the most qualified and was passed over for a sufficiently younger and less qualified individual outside Plaintiff's protected classes.

9. In the Spring of 2020, Defendant promoted to Electronic Equipment Supervisor a sufficiently younger and non-African American employee, Reji Thomas, (Indian approximately forty), who had similarly been an Electronics Technician Group Leader.

10. Plaintiff is/was more senior, more tenured, and more qualified for the Electronic Equipment Supervisor position than Mr. Thomas.

11. Defendant, however, never posted the Electronic Equipment Supervisor position and thus violated its own rule, policy, and procedure of posting all available positions.

12. Posting of positions happens in multiple ways including email and intranet screen.

13. The Electronic Equipment Supervisor position was not posted in an effort to appoint a person of Defendant's choosing and deny Plaintiff fair opportunity to apply, in furtherance of discrimination.

14. Initially, Plaintiff maintains that in the December 16, 2019 email titled "Civil Service Job Opportunities—December 16, 2019," the Electronic Equipment Supervisor position should have been listed under "Promotional-Only Positions", but it was not.

15. Second, Plaintiff should have received a "Job Interest Notification" regarding the Electronic Equipment Supervisor position as Plaintiff had signed-up and registered in or around March of 2019 for notification for any Electronic Equipment Supervisor positions. Plaintiff never received such notice.

16. Defendant knew and was aware of Plaintiff's interest in an Electronic Equipment Supervisor position because Plaintiff had applied for the position in March of 2019 but was informed by Human Resources in April that the subject position was available to the Water Department employees only. Plaintiff was advised to signed-up for the "Job Interest Notification" for the Electronic Equipment Supervisor position, which Plaintiff did.

17. Third, Plaintiff works near an Intranet Screen where open positions are posted, but the Electronic Equipment Supervisor position was never posted on the Intranet Screen.

18. Fourth, supervisors and/or managers are to request promotion exams—like the examination the is required for the Electronic Equipment Supervisor position—and there was rumor that Helen Jackson of the Airport had called for the exam, and thus Plaintiff should have been informed of the position being available as he is under Ms. Jackson.

19. It is alleged and believed that Reji Thomas never had to test for the Electronic Equipment Supervisor position because he was the only eligible applicant.

20. The other applicant, Rufus Outland, III (Indian male individual of unknown age), was not a Defendant employee.

21. The Electronic Equipment Supervisor position is promotion only, which means the position is awarded internally and not to new hires.

22. Defendant had a hiring freeze at the time also.

23. As such, Reji Thomas was awarded the Electronic Equipment Supervisor position.

24. Plaintiff alleges and believes Mr. Thomas was awarded the position in furtherance of discrimination.

25. Plaintiff complained of the foregoing to Human Resources.

26. In response to complaints, there was an exam scheduled for eligible applicants in September of 2020.

27. Plaintiff was apparently the only person to take the exam as soon after Plaintiff finished the exam, Defendant claimed technical difficulties and shutdown the process.

28. Plaintiff was told to re-apply for the exam and he did.

29. Plaintiff tested in early 2021 and so did other individuals.

30. To Plaintiff's knowledge, nobody was ever promoted as a result of the testing and it is uncertain whether an Electronic Equipment Supervisor position was ever available.

31. Plaintiff alleges and believes the testing was Defendant's attempt to stop complaints, appease complainers, and/or contrive a basis for having promoted Mr. Thomas to the Electronic Equipment Supervisor position, despite not posting the position.

32. Plaintiff alleges and believes he scored better than Mr. Thomas (assuming Mr. Thomas was later required to test for the Electronic Equipment Supervisor position).

33. Plaintiff alleges that race and/or age discrimination motivated Defendant's actions to deprive him notice and opportunity to apply for the Electronic Equipment Supervisor position.

34. Plaintiff alleges that race and/or age discrimination motivated Defendant's decisions to hire a less qualified and less experienced individual to the Electronic Equipment Supervisor position, than Plaintiff.

35. Plaintiff alleges that Defendant took other actions to inhibit and/or deny Plaintiff a fair application for the Electronic Equipment Supervisor position.

## COUNT ONE
### Race and Color Discrimination – Failure to Hire / Promote
*Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq.*
**Plaintiff v. Defendant**

36. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

37. Defendant is an employer under 42 U.S.C. § 2000 *et. seq* as it is engaged in an industry affecting commerce that has 15 or more employees for each working day in each of 20 or more calendar weeks, in the current or preceding calendar year.

38. Plaintiff is a person and has a protected class in that he is African American.

39. Under 42 U.S.C. § 2000e-2. *[Section 703]*(a) it shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

40. Defendant discriminated and disparately treated Plaintiff, by and through its officers, managers, and supervisors, as follows:

    a. Not abiding by policies and procedures in posting positions;

    b. Attempting to deprive Plaintiff opportunity to apply for promotion;

    c. Misrepresenting Plaintiff's scores;

    d. Hiring ineligible persons;

    e. Passing over Plaintiff for other persons outside his protected class; and,

    f. Passing over Plaintiff for persons less qualified and outside his protected classes.

41. As a direct and proximate result of Defendant's discrimination, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of

employment, emotional damages, humiliation, embarrassment, loss of reputation, and other similar harms, all to Plaintiff's great detriment.

42. Alternatively, as Defendant considered Plaintiff's race and/or color in the foregoing discrimination, Plaintiff is entitled to a charge for mixed-motive discrimination.

WHEREFORE, Plaintiff, Timothy Tisdale, hereby demands judgment in his favor and against Defendant, City of Philadelphia, for any and all damages deemed necessary and just by the Court.

**COUNT TWO**
**Age Discrimination – Failure to Hire / Promote**
*Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 et. seq.,*
**Plaintiff v. Defendant**

43. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

44. Defendant is/are an employer under the ADEA, 29 U.S.C. §630, as it/they is/are engaged in an industry affecting commerce and has/have twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

45. Plaintiff is an employee under the ADEA as he is an individual employed by an employer.

46. Plaintiff is protected under the ADEA as he is at least forty (40) years of age. Plaintiff is further protected under the ADEA from discrimination and disparate treatment in relation/contrast to persons substantially younger.

47. Defendant violated the ADEA by disparately treating Plaintiff based on age by having denied hire, denied transfer, and/or promotion to Plaintiff in lieu of less qualified sufficiently younger individuals.

48. Defendant disparately treated Plaintiff in relation to similarly situated substantially younger employees.

49. At all times, Plaintiff remained qualified and capable for all positions worked and/or available for Plaintiff.

50. As a direct and proximate result of Defendant's discrimination and disparate treatment, Plaintiff has suffered loss of wages (backpay) up through the date of determination.

51. As Defendant's actions were willful and/or Defendant showed a reckless disregard for whether its/their discriminatory and disparate conduct was/were prohibited, Plaintiff is entitled to liquidated damages, which doubles the Plaintiff's backpay damages.

52. As a direct and proximate result of Defendant's discrimination and disparate treatment, Plaintiff has suffered loss of wages and benefits into the reasonable future (front pay) including wage loss and loss of benefits, and thus Plaintiff is entitled to a present-day value for those lost future earnings.

53. Plaintiff further seeks equitable remedies including a change to Defendant's discriminatory conduct as the Court deems appropriate and/or reinstatement.

WHEREFORE, Plaintiff, Timothy Tisdale, hereby demands judgment in his favor and against Defendant, City of Philadelphia, for any and all damages deemed necessary and just by the Court.

### COUNT THREE
### Race, Color, and Age Discrimination – Failure to Hire / Promote
*Pennsylvania Human Relations Act, 43 P.S. § 951, et. seq.*
**Plaintiff v. Defendant**

54. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

55. Defendant is an employer under the Pennsylvania Human Relations Act as it employs citizens of the Commonwealth of Pennsylvania, and also because Defendant resides in the Commonwealth.

56.     Plaintiff is protected under the Pennsylvania Human Relations Act and has the protected class of being African American (race/color) and age.

57.     Defendant subjected Plaintiff to a disparate treatment in the hiring or promotion of Mr. Thomas, all on the basis of his race, color, and/or age discrimination as alleged *supra*.

58.     As a direct result of Defendant's discrimination, Plaintiff has suffered loss of wages including back pay, loss of front pay, loss of amenities of employment, out of pocket expense, emotional damages, loss of reputation, and other harms, all to Plaintiff's detriment.

59.     Plaintiff seeks attorney's fees under the Pennsylvania Human Relations Act.

WHEREFORE, Plaintiff, Timothy Tisdale, hereby demands judgment in his favor and against Defendant, City of Philadelphia, for any and all damages deemed necessary and just by the Court.

DEREK SMITH LAW GROUP, PLLC

_____
CHRISTOPHER J. DELGAIZO, ESQUIRE
Attorney for Plaintiff

1835 Market Street, Suite 2950
Philadelphia, PA 19103
T: 215-391-4790
Fax: 215-501-5911
Email: Chris@dereksmithlaw.com

Date: June 21, 2021